

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN

**AUSTIN 11, TEXAS**

~~XXXXXXXXX~~N
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion Number O-3441
Re: Authority of State Board of
Education, the holder of the
original bonds, to a preferential
right to contract for acquiring
refunding bonds issued in lieu
thereof.

We are in receipt of your letter of April 19, requesting our opinion
on the following question:

"Is the State Board of Education, the holder of the original
bonds for the benefit of the Permanent School Fund, entitled
to a preference right to contract for acquiring refunding
bonds issued in lieu thereof?"

The facts underlying this question are, that the State Board of Education
exercised its option to purchase bonds originally issued by a road district
of a county. The bonds provided that the issue may be redeemed at any
time by giving ten (10) days' notice, and the issuing district has
decided to redeem all of the original bonds purchased by the State
Permanent School Fund, and to issue in lieu thereof refunding bonds. The
State Board of Education notified the issuing district that the Permanent
School Fund would purchase the refunding bonds when the same were issued
and pay the price offered therefor by the best bona fide bidder. The
issuing district elected to sell the refunding bonds to a purchaser
other than the Permanent School Fund, the holder of the original bonds.

In our opinion, precisely this same question was raised in the case of
Dallas County v. Lockhart, 96 S. W. (2d) 60. The Supreme Court replied
as follows in answer to such question:

"The option granted by Article 2673, as amended, to the State
Board of Education to purchase county and municipal bonds
must be held to be limited to the purchase of original
bonds. Refunding bonds are not issued to be sold on the
market as original bonds. They cannot be issued until the

> original bonds are called, and when issued are not the
> property of the county or municipality issuing them,
> but immediately upon their issuance they become the
> property of the party having the right thereto by previous
> agreement.  To give that article a construction that would
> make it applicable to refunding bonds would be to give to
> the Board of Education the power to prevent the making of
> any contract looking to the refunding of bonded indebtedness
> even when the original bonds are in the hands of a private
> investor.  Such a construction cannot be adopted."

The Supreme Court in the Dallas County v. Lockhart case, supra,
expressly stated it was not called upon to determine whether the holders
of original bonds are entitled to a preference right to contract for
refunding bonds issued in lieu thereof, but as stated in the above quoted
portion of the Court's opinion, the refunding bonds cannot be issued until
the originals are cancelled, and when issued they become the property of
the party having the right thereto by previous agreement.

There is nothing to prevent the present holder of the bonds called out
of the Permanent School Fund from retaining them as evidence of an
obligation against the issuing district and thereby defeat any
preference right the State Permanent School Fund could have to refunding
bonds that may have been issued in lieu thereof.  Therefore, it would
become a matter of contract between the issuing district and the owner
of the bonds as to the terms upon which same would be paid.  Such as
agreement obviously could be made without the necessity of issuing new
evidences of such agreed obligations.

We think the language of the Court above quoted sufficiently in point to
deny to the Board of Education the power to exercise a preference right
to contract for acquiring refunding bonds issued in lieu of original bonds
redeemed from the State Permanent School Fund pursuant to a legal call
by the issuing district.

Having answered this question in the negative, we deem it unnecessary to
reply to the second question contained in your letter of April 19.

Trusting that this satisfactorily answers your inquiry, we are.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED APR. 29, 1941
s/ Glenn R. Lewis                    s/ Clarence E. Crowe
ACTING ATTORNEY GENERAL
OF TEXAS

APPROVED OPINION COMMITTEE        By
BY B. W. B. CHAIRMAN                    Clarence E. Crowe
CEC-s-ldw                                   Assistant